IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DELOST TRINNAMAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REDUCING SENTENCE PURSUANT TO USSG § 5G1.3<br><br><br><br>Case No. 2:04-CR-185 TS[1] |

This matter came before the Court on Defendant's *pro se* Motion to Clarify Sentence Description on Judgment in a Criminal Case.[2] Counsel for the government does not object to the relief requested in the instant Motion, and two previous district court judges assigned to this case have attempted to achieve the result herein. Therefore, the Court will grant the Motion and direct the specific relief set forth below.

---

[1] This case was originally before the Honorable Judge Winder, but was transferred to the undersigned judge upon Judge Winder's recusal on August 22, 2006.  *See* Docket No. 35.

[2] Docket No. 34.

1

To provide context, a brief recitation of the procedural history of this case is necessary. This case was originally assigned to the Honorable Judge David Winder. Defendant was sentenced by Judge Winder on September 14, 2004, to 57 months in the custody of the Bureau of Prisons (BOP). On January 26, 2005, Defendant filed a Motion to Amend Judgment Order,[3] which Judge Winder granted on January 31, 2005.[4] That order clarified that Defendant's federal sentence was to run concurrent with his state sentence.

Later, Defendant filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255,[5] on August 11, 2005. That civil case was assigned to the Honorable Judge Paul Cassell. While denying the remaining portions of the § 2255 Motion, Judge Cassell granted Defendant's request to have an Amended Judgement and Commitment Order issued, noting that the government had no objection. Judge Cassell ordered that "Mr. Trinnaman's sentence be corrected to reflect Judge Winder's Order to Amend Judgment and Commitment. The Judgment and Commitment in Mr. Trinnaman's case should reflect that his federal sentence run concurrent with his state sentence."[6] Thereafter, an Amended Judgment was entered on May 19, 2006.[7] The Amended Judgment

---

[3] Docket No. 27.

[4] Docket No. 28.

[5] Assigned civil Case No. 2:05-CV-674 PGC.

[6] Docket No. 31, at 6.

[7] Docket No. 32.

stated that Defendant was committed to BOP custody for "57 months (this sentence to run concurrent with state sentence, ordered by Judge David K. Winder 01/31/2005)."[8]

After these previous orders did not achieve the desired result, Defendant, on a *pro se* basis, filed the instant Motion to Clarify Sentence Description on Judgment in a Criminal Case.[9] The case was then re-assigned to the undersigned judge for consideration.

The Court, having considered the file and the pleadings and being otherwise fully informed, will grant the instant motion, as there is no objection by the government, and because such an action is consistent with the previous attempts by Defendant, counsel, and the Court, as outlined above.

Based upon the above, it is hereby

ORDERED that Defendant's sentence is reduced to 51 months in the custody of the Bureau of Prisons, pursuant to USSG § 5G1.3(b).  It is further

ORDERED that an Amended Judgment shall be entered in this case reflecting this ruling. The Amended Judgment shall reflect that the Court's ruling herein does not represent a departure from the sentencing guidelines but, rather, a sentence imposed under § 5G1.3(b).  It is further

ORDERED that Defendant's Motion to Clarify Sentence Description on Judgment in a Criminal Case (Docket No. 34) is GRANTED.

---

[8] Docket No. 32, at 1.

[9] Docket No. 34.

SO ORDERED.

DATED  December 18, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge